JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD LEE ADAMS, | CASE NO. CV 13-2704-R |
| Plaintiff/Petitioner, | ORDER DISMISSING PETITIONER'S WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY |
| vs. | |
| UNITED STATES DISTRICT COURT FOR CENTRAL DISTRICT OF CALIFORNIA; STEPHEN G. LARSON, MAGISTRATE JUDGE UNITED STATES DISTRICT COURT, in individual and official capacity; THE STATE OF CALIFORNIA, | |
| Defendants/Respondents. | |

Petitioner is a state prisoner who is proceeding *pro se* with a petition for writ of *habeas corpus* pursuant to Title 28 U.S.C. § 2254. As discussed below, the Court finds that the petition must be dismissed as a successive petition over which the Court lacks jurisdiction. The Court also denies a certificate of appealability as Defendant has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability.

**I.    The Court Lacks Subject Matter Jurisdiction Because the Petition Is Successive**

The Court has a duty to screen habeas corpus petitions. *See* Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Because the petition in

the present case was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997), cert. denied, 522 U.S. 1069, 118 S. Ct. 739, 139 L. Ed. 2d 676 (1998); *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999). The AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661-662, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001). Title 28 U.S.C. § 2244(b) provides, in part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless —
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Title 28 U.S.C. § 2244(b) (emphasis added.)

The core principle underlying § 2244(b) is that, absent extraordinary circumstances, a federal *habeas* petitioner will have only one opportunity to litigate a federal *habeas* petition. At a minimum, a subsequent federal petition filed by a prisoner who has already received one adjudication of a habeas petition constitutes a "second or successive application" within the meaning of § 2244(b). A request for authorization to file such a repetitive petition under

§ 2244(b)(3) must be denied unless the petitioner's claims fall within one of the two narrow exceptions set forth in § 2244(b)(2). In the absence of proper authorization from the Court of Appeals, a district court lacks jurisdiction to consider a *habeas corpus* petition that is a second or successive one within the meaning of § 2244(b). *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). This Court may transfer a second or successive petition erroneously filed with the district court to the Ninth Circuit for its "gatekeeper" review under § 2244(b)(3).

28 U.S.C. § 2244(b)(3)(A) creates a "gatekeeping" mechanism for the consideration of second or successive petitions. *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive *habeas* application in the district court." *Id*. The applicant must make a *prima facie* showing that the application satisfies the requirements of § 2244(b). *Id*.

Here, Petitioner challenges his conviction in a California state court of carjacking and the unlawful taking of a vehicle. *See* Petitioner's Writ of *Habeas Corpus* ("Petitioners Writ"), CV 13-2704-R, ECF No. 1, p. 2. Petitioner has filed numerous petitions in the past. Most importantly, Petitioner challenged the same conviction in a 2004 writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See Adams v. Vazquez*, CV 04-2461-SGL. The 2004 petition was dismissed with prejudice by United States District Judge Stephen G. Larsen. *Id*., ECF No. 65. Although the grounds for the current petition are framed as objections to Judge Larsen's dismissal, Petitioner is still challenging the same custody under the same judgment. The Supreme Court has held that a "second or successive" petition, subject to the "gatekeeping" provisions of the statute, is one that challenges the same custody under the same judgment challenged in the first petition. *See Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007). Therefore, the Court must dismiss this matter for lack of subject matter jurisdiction. *See id.* (characterizing the successive petition limitation as jurisdictional).

**II.     The Court Denies a Certificate of Appealability**

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a

3

certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." Title 28 U.S.C. § 2253(c)(2). The certificate of appealability shall indicate which specific issues satisfy that "relatively low" standard. *See id*. § 2253(c)(3); *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). The standard is satisfied when the "petitioner can 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'" *Jennings*, 290 F.3d at 1010 (internal citations omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 483, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

The Court has reviewed Petitioner's contentions and is fully apprised of the relevant facts and law. Petitioner essentially contends that Judge Larsen's dismissal was improper for two reasons. First, Judge Larsen issued a Report and Recommendation as a Magistrate Judge, and then adopted the Report and Recommendation after being appointed as an Article III District Court Judge. Petitioner contends "[t]his was a Constitutional violation of [his] Due Process Right to have an Impartial Hearing Officer. . . ." Petitioner's Writ, p. 16. Petitioner also asserts the baseless accusation that "Judge Larsen was dumping court cases because he felt underpaid." *Id*. at 17. However, the Court does not find any hint of impropriety surrounding Judge Larsen's decision, and especially does not find that Petitioner has made a substantial showing of the denial of a constitutional right. Further, Petitioner's baseless and improper personal attacks on Judge Larsen should not be encouraged.

The crux of Petitioner's second claim for relief is that Judge Larsen fraudulently misconstrued the evidence in finding "sufficient evidence to support [Petitioner's] carjacking conviction . . . ." *Id*. at 18-49. Although Petitioner's 31-page, handwritten brief on this issue is difficult to follow – legibly and logically – it appears he is reasserting arguments that he raised in his 2004 petition and merely disagreeing with Judge Larsen's resolution of those issues. *See id.* at 18-49 (reasserting claims for failure to instruct on lesser included offense, insufficient evidence to support carjacking conviction, failure to disclose exculpatory evidence, and failure to exclude "fruit of the poisonous tree" evidence); *compare* Order Dismissing Petition, CV 04-2461-SGL, ECF No. 65 (listing grounds for relief). The Court finds, however, that Petitioner's baseless

4

1 allegations and rehashing of arguments do not establish that these issues are debatable among
2 jurists of reason; that a court could resolve the issues differently; or that the questions are adequate
3 to deserve encouragement to proceed further.  Thus, Petitioner has not made a substantial showing
4 of the denial of a constitutional right, and a certificate of appealability must be denied.

IT IS HEREBY ORDERED that Defendant's Title 28 U.S.C. § 2254 Petition for Writ of *Habeas Corpus* by a Person in State Custody is DISMISSED without prejudice, BUT ONLY IF he obtains the necessary authorization from the Ninth Circuit.  If Petitioner does not obtain such authorization, he shall not file any additional motions or petitions for amendment, reconsideration, rehearing, or other relief relating to his conviction in California state court of carjacking and the unlawful taking of a vehicle.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated:  June 10, 2013.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE